UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 13-22170-CIV-GOODMAN

[CONSENT CASE]

ARNALDO HERNANDEZ,

    Plaintiff,

v.

IRON CONTAINER, LLC, et al.,

    Defendants.

_____/

## ORDER CLOSING CASE

This Cause is before the Court on Plaintiff Arnaldo Hernandez ("Hernandez") and Defendants Iron Container, LLC ("Iron Container") and John Martorana's ("Martorana") Joint Notice of Voluntary Dismissal under Federal Rule of Civil Procedure 41. [ECF No. 19]. The parties contend that they may dismiss Hernandez's Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") retaliatory discharge lawsuit without court approval of the parties' settlement. As outlined below, the Court agrees that under the unique circumstances of this case the parties may dismiss this lawsuit without court approval.

**I.    BACKGROUND**

On January 14, 2013, Hernandez filed an FLSA minimum wage and overtime lawsuit against, among others, Iron Container and Martorana. *See Hernandez v. Iron Container, LLC,* No. 13-20139-Civ-King/McAliley. That case settled, and on March 28,

2013, Senior District Judge James Lawrence King entered an order dismissing the case. *Hernandez*, No. 13-20139-Civ-King/McAliley, ECF No. 10 (S.D. Fla. Mar. 28, 2013).

On June 18, 2013, Hernandez filed this retaliatory discharge lawsuit. [ECF No. 1]. Hernandez alleges that shortly after the first lawsuit settled, Martorana and Iron Container began to reduce his work hours and ultimately fired him. [*Id.* at ¶¶ 17, 18]. Hernandez alleges that he was fired because of his prior FLSA lawsuit. [*Id.* at ¶ 19].

The parties settled this lawsuit at mediation on January 30, 2014. [ECF No. 17]. The Court then entered its standard order in FLSA cases requiring the parties to submit certain information so that the Court can evaluate the settlement's fairness. [ECF No. 18]. The parties did not provide the Court-ordered information. Instead, they filed a joint notice of voluntary dismissal under Rule 41 and argued that the Court does not need to approve the settlement because it involves an FLSA retaliatory discharge claim, not an FLSA *wage* claim. [ECF No. 19]. According to the parties, the Court's duty to review FLSA settlements under *Lynn's Food*[1] extends only to FLSA wage claims, not FLSA retaliatory discharge claims.

## II.   DISCUSSION

In general, the FLSA's minimum wage and overtime provisions are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways

---

[1]   *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

2

employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum wage/overtime pay is supervised by the Secretary of Labor; **or** (2) in a private lawsuit brought by an employee, if the parties present the court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food,* 679 F.2d at 1353.

Some courts in this circuit have noted that *Lynn's Food* requires only "compromises of FLSA back wage or liquidated damage claims" to be presented to the court. *Lynn's Food,* 679 F.2d at 1355; *Yost v. Wyndham Vacation Resorts, Inc.,* No. 6:10-CV-1583-Orl-36GJK, 2012 WL 1165598, at *3 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted,* No. 6:10-CV-1583-Orl-36GJK, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012); *McQuillan v. H.W. Lochner, Inc.,* No. 6:12-CV-1586-ORL-36, 2013 WL 6184063, at *3 (M.D. Fla. Nov. 25, 2013). Thus, these courts reason that an FLSA retaliatory discharge claim that is settled along with a wage claim does not need to be reviewed for its fairness, "provided that its terms do not serve to contaminate the [settlement] Agreement as to the FLSA [wage] claim." *Yost,* 2012 WL 1165598, at *3; *McQuillan,* 2013 WL 6184063, at *3.

Similarly, another court, not in this circuit, reached the same conclusion by examining the language of the FLSA. *Dorner v. Polsinelli, White, Vardeman & Shalton, P.C.,* 856 F. Supp. 1483 (D. Kan. 1994). There, the court noted that § 216(c) requires the

3

Department of Labor to supervise settlements of FLSA wage claims brought under § 216(b), but says nothing regarding supervision of FLSA retaliatory discharge claims, which are brought under § 215(a)(3). *Id.* at 1489. This circumstance caused the court to reason that the plain language of the FLSA and the omission of any reference to supervision of FLSA retaliatory discharge claims in § 216(c) (while specifically referencing FLSA wage claims) supports the conclusion that no supervision of FLSA retaliatory discharge claims is required. *Id*.

The Court finds the rationales outlined in *Dorner, Yost,* and *McQuillan* persuasive and likewise finds that *Lynn's Food* and the FLSA do not compel the Court to approve the fairness of an FLSA retaliatory discharge settlement, *provided* that the terms of that settlement do not "contaminate" or affect the settlement of the FLSA wage claim. The Court, however, notes that in *Dorner*, *Yost,* and *McQuillan* the parties contemporaneously settled all FLSA claims (retaliatory and wage) and those courts had the entire settlement agreement before them for review. While those courts reached the legal conclusion that they did not have to proverbially "look under the hood" to determine the fairness of the FLSA retaliatory discharge settlement, as a practical matter they did in fact get to "look under the hood."

Stated another way, the Court is concerned about a scenario where an FLSA plaintiff's attorney purposefully and strategically bifurcates an FLSA wage claim and a retaliatory discharge claim into two lawsuits so that he can obtain a greater fees

4

recovery. In bifurcating the two claims, the plaintiff's attorney could intentionally shift or allocate a greater portion of the total fees recovery in both cases to the FLSA retaliatory discharge suit because it is not subject to court approval. In this hypothetical scenario, the FLSA retaliatory discharge claim could contaminate the settlement of the FLSA wage claim, but a court likely would not be aware of the need to scrutinize the FLSA wage settlement for a possible unfair allocation of the recovery between the claimant and his counsel because it would not also have the retaliatory discharge settlement before it.[2]

Here, the Court agrees with the parties that as a legal matter it does not need to approve Hernandez's FLSA retaliatory discharge settlement. The Court also finds that Hernandez's FLSA retaliatory discharge settlement could not have contaminated his FLSA wage settlement before Judge King because he was allegedly fired in retaliation by Iron Container and Martorana well *after* that case had settled. Thus, unlike the Court's hypothetical scenario, Hernandez's retaliatory discharge claim could not have been filed contemporaneously with his FLSA wage claim.

---

[2] The Court is not implying that this is the scenario here. To the contrary, the record reflects that Hernandez's counsel ably and properly represented him in both his FLSA wage claim and his retaliatory discharge claim.

### III. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that this matter is **DISMISSED WITH PREJUDICE**. The Clerk is directed to **CLOSE THIS CASE** and deny all pending motions as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, February 18, 2014.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to**:
All counsel of record